Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

**Dated: September 6th, 2018**

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

### AT CHARLESTON

| | |
|---|---|
| IN RE:<br><br>PATRIOT COAL CORPORATION, *et al.*,<br><br>Debtors. | CASE NO. 15-32450 (Bankr. E.D. Va.)<br>*Joint Administration*<br><br>CHAPTER 11 |
| JOHN D. PARSLEY and<br>VICKI L. PARSLEY,<br><br>Plaintiffs,<br>v.<br><br>BLACKHAWK MINING, LLC, *et al.*,<br><br>Defendants. | ADVERSARY PROCEEDING NO.<br>2:18-ap-02002 |

**MEMORANDUM OPINION AND ORDER RESPECTING TRANSFER OF VENUE**

Pending are Defendants' Motion to Transfer Venue [Dckt. No. 10], Plaintiffs' Motion to Remand [Dckt. No. 12], and Plaintiffs' Motion to Voluntarily Dismiss Blackhawk Mining [Dckt. No. 11].1

---

1 Plaintiffs moved to voluntarily dismiss the claims against one of the Defendants in this adversary proceeding. As will become apparent, the Court does not have occasion to reach the motion to voluntarily dismiss.

## I.

On May 12, 2015, Patriot Coal Corporation and other affiliate companies petitioned for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Virginia ("Home Court").  Joint administration of the affiliated cases ensued.

As part of those bankruptcy proceedings, Virginia Conservation Legacy Fund (VCLF) and related entities entered into an Asset Purchase Agreement with the debtors.  In this Asset Purchase Agreement ("APA"), VCLF acquired from the debtors certain assets that are at issue in the instant adversary proceeding. The APA also recited the liabilities VCLF would undertake.

Following the APA, the Home Court confirmed debtors' reorganization plan on October 9, 2015. The confirmation order and plan incorporated the terms of the APA.  The confirmation order and plan also stated that the Home Court would retain jurisdiction over matters related to that bankruptcy.

On December 21, 2017, the Plaintiffs instituted an action against the Defendants in the Circuit Court of Logan County.  On January 31, 2018, that civil action was removed to the undersigned. On March 1, 2018, the Defendants moved to transfer the civil action to the Home Court.  The Plaintiffs correspondingly moved to remand.

The motion to transfer contends that, inasmuch as the case is related to the Chapter 11 bankruptcy proceedings, it should be adjudicated in the same venue as that sprawling matter. More specifically, they assert that since the threshold legal question necessitates an interpretation of the Chapter 11 plan, the Home Court should be permitted to offer its authoritative reading. Plaintiffs' respond that the case is only tangentially related to the bankruptcy proceedings in the

Home Court, that transfer of venue would be inconvenient for the parties, and that they have the superior interpretation of the confirmation order. The matter is ripe for disposition.

## II.

The Court has previously had occasion to address the question of transfer in light of Article XI of the confirmation order. *See*, *e.g.*, *Bolon v. Blackhawk Mining, LLC*, 2:16–ap–02008 (Bankr. S.D. W. Va. Sept. 26, 2016). In the confirmation order, the Honorable Keith L. Phillips, United States Bankruptcy Judge, maintains jurisdiction over "the matters set forth in Article XI and other applicable provisions of the Plan." (Conf. Order, at 37, ¶111). Within Article XI, the plan provides that the Home Court has jurisdiction "over the Chapter 11 Cases and all matters arising out of, or related to, the Chapter 11 Cases and the Plan. . . ." (Plan at 57-58).

As the Court explained in *Bolon*, there is no clear rule regarding whether a motion to transfer or a motion to remand should be considered first. Further, according to 28 U.S.C. §1412, "a district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. §1412. In *Bolon*, the Court chose to transfer, without adjudicating the remand issue, inasmuch as the cases under consideration there required an interpretation of the Chapter 11 plan.

This case is substantially similar to *Bolon*. The Plaintiffs essentially concede as much in their response to Defendants' motion to transfer, noting that the first question for the Court is whether the Defendants are liable based on the terms of the APA and the Chapter 11 plan. It is in the interests of justice to have Judge Phillips, the confirming judicial officer, make the necessary interpretation. As noted in *Bolon*, there are other considerations favoring the same bankruptcy

court reviewing related matters, including the "home court" presumption. *10 Collier on Bankruptcy* ¶ 7087.02 (16th ed. 2018).

Having considered the applicable factors, and paying due regard to the all-important factor respecting the economical and efficient administration of the estate, along with the "home court" presumption, it is **ORDERED** that the motion to transfer be, and hereby is, **GRANTED**. It is further **ORDERED** that the motion to remand be, and hereby is, **DENIED** without prejudice to its refiling pursuant to any collective briefing order previously entered by the undersigned or Judge Phillips. Similarly, it is further **ORDERED** that the motion to voluntarily dismiss be, and hereby is, **DENIED** without prejudice to its refiling pursuant to any collective briefing order previously entered by the undersigned or Judge Phillips.

The Clerk's Office shall transmit a copy of this written opinion and order to Judge Phillips and all counsel and parties entitled to notice.